IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for HABERSHAM BANK, : : : : Plaintiff, : : v. : : DAVID D. STOVALL, EDWARD D. ARIAIL, BONNIE C. BOWLING, MICHAEL C. MARTIN, MICHAEL L. OWEN, M. EDWARD HOYLE, FRANK E. FELKER, and ANDREW COKER, : : : : : : : : : Defendants. : | CIVIL ACTION NO. 2:14-cv-00029-WCO |

## **ORDER**

This order addresses two discovery matters. First, the parties request eight months to complete fact discovery and four months to submit expert reports and take expert depositions. The discovery period requested by the parties is reasonable. This case is subject to the following discovery deadlines. The parties have eight months from the date of this order to complete fact discovery. After the termination of the fact discovery period, the parties will have four consecutive thirty day periods to respectively (1) submit expert reports on matters which the submitting party bears the

burden of proof; (2) depose any expert witness who submitted a report during the first period; (3) submit rebuttal expert witness reports; and (4) depose rebuttal expert witnesses.

The second discovery matter concerns two competing sets of protocol governing the production of electronically stored information. Under both parties' proposed protocols, ESI production occurs in two phases. First, plaintiff must produce the documents identified in its initial disclosures. Second, plaintiff must produce ESI identified using search terms derived from the information produced in the first phase. The parties differ, however, in regard to how the second phase production should be accomplished and who should pay for any conversion costs. In the court's view, the parties take different stances on two issues: whether plaintiff is required to conduct a responsiveness review of any ESI prior to production and whether plaintiff may charge a $0.06 per page conversion cost to offset the expense of converting ESI from its native format to static images.

Plaintiff's protocol suggests that defendants should provide a set of search terms to run against the aggregated ESI. Plaintiff would then run these terms and provide defendants with search term hit reports, then meet and confer with defendants "to arrive at a mutually agreeable set of search terms." (Pl.'s ESI Protocol 7, ECF No. 33-1). After the parties reach a mutually acceptable list of search terms, plaintiff

would apply the search terms to filter the ESI and produce the ESI in its native format or allow defendants to access a Relativity database containing the filtered ESI. If defendants elect to review the ESI in plaintiff's Relativity database, then defendants would inspect and select documents for production. If defendants request the documents to be produced in a format other than the file's native format, then defendants must pay plaintiff $0.06 per static image page.

Defendants' protocol proposes an approximately identical process but differs from plaintiff's in two respects. First, defendants require plaintiff to perform a responsiveness review during the phase two production stage. (Defs.' ESI Protocol 8, ECF No. 32-1) ("After the Parties have agreed upon search terms . . . FDIC-R, at its own expense, shall apply the search terms to filter the emails, perform a responsiveness review, and produce all non-privileged emails and attachments responsive to Defendants' discovery requests."). Second, defendants' proposed ESI protocol does not include a $0.06 conversion charge.

After reviewing both proposed protocols and the parties' motions, the court hereby adopts defendants' ESI protocol.

**I. Responsiveness Review**

Rule 34 governs the production of documents and ESI. A party must produce documents "as they are kept in the usual course of business or must organize and label

them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). The producing party "must produce [ESI] in a form or forms in which it is ordinarily maintained or in a reasonably useable form or forms." FED. R. CIV. P. 34(b)(2)(E)(ii).

Plaintiff asks the court to adopt an artificial division between the production of "documents" and "electronically stored information." Plaintiff asserts that the Federal Rules do not grant defendants the privilege of receiving ESI categorized by request. (Pl.'s Br. 7, ECF No. 33) (citing *Anderson Living Tr. v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 520-21, 523-26 (D.N.M. 2014)).

Certainly, amendments to the Federal Rules indicate that differences between documents and ESI exist. *See, e.g.*, FED. R. CIV. P. 26(b)(2)(A-C) (providing additional considerations for specific limitations on ESI discovery). It is too much of a logical leap, however, to claim ESI can be produced as an undifferentiated mass simply because the Rules recognize that ESI has additional considerations as to the *form* and *source* of production. The court believes that plaintiff and the cases that it relies on create an unwarranted and Manichean standard.

The advisory comments to Rule 34 counsel in favor of "[i]nterpreting the Federal Rules to requires ESI productions to be organized in such as way as to facilitate, not hinder, the usefulness of the information produced." *See City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584 (C.D. Cal. 2011). The 2006

4

advisory committee's notes state that subdivision (b) "provides that a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the discovery request." FED. R. CIV. P. 34(b) (2006 advisory committee's notes). This requirement was put in place to discourage the practice of "deliberately mixing documents with others in hope of obscuring [significant documents]." *Anderson Living Tr.*, 298 F.R.D. at 521-22 (citations and alterations omitted). ESI production carries the same potential for abuse, and the Federal Rules advise that "[t]he production of electronically stored information *should be subject to comparable requirements* [to the production of documents] to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party." FED. R. CIV. P. 34(b) (2006 advisory committee's notes)

Plaintiff claims all of the cases cited by defendants are inapplicable because they concern document production, not ESI production. (Pl.'s Resp. Br. 7-8, ECF No. 35). The court fails to appreciate the difference; those cases, like plaintiff's own proposed ESI protocol, use the terms "documents" and "ESI" interchangeably–an etymological practice so common that the advisory committee notes recognize it.[1]

---

[1] Plaintiff's ESI protocol describes ESI as a "document" or "documents" roughly twenty-two times in eight pages. (*See, e.g.*, Pl.'s Proposed ESI, 3, ECF No. 33-1) (stating that "[a] Load File can, for example, specify which individual pages belong together *as a document*, . . . and which

5

FED. R. CIV. P. 34(b) (2006 advisory committee's note). A future restructuring of the Federal Rules could create the sort of binary divide between documents and ESI that plaintiff envisions, but under the current Rules, the linguistic fundamentalism that plaintiff proposes is counterintuitive and inadvisable. As categories, "documents" and ESI form a Venn diagram; the overlap between the two sets is not perfect, but it is substantial.

Plaintiff contends that tying "each individual communication to a specific Rule 34 document request would impose a significant burden and expense on the FDIC-R" and provide defendants with no obvious benefit beyond allowing defendants to seek discovery sanctions "if the FDIC-R fails to identify the proverbial needle in a haystack in response to a specific discovery request." (Pl.'s Reply 3, ECF No. 37). Discovery is generally burdensome and expensive; the Rules do not authorize deviation from the default standards until the discovery requests amount to an *undue* burden. FED. R. CIV. P. 26(c)(1)(B-C) (authorizing the court, if good cause exists, to prescribe a

---

Metadata is associated with a *document*"); ("Compliance with this Protocol shall satisfy and discharge the Parties' obligations to respond to the requests for production of *documents* unless otherwise agreed to by the Parties or ordered by the Court."); (*id.* at 4) ("FDIC-R shall cause searches to be conducted of the Habersham ESI and shall process and produce any and all *responsive documents* to Defendants . . . ."); (*id.* at 6) ("These *documents* will be fully searchable in portable document format."); *see also* FED. R. CIV. P. 34 (2006 advisory committee note) ("[A] Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has *clearly distinguished* between electronically stored information and 'documents.'") (emphasis added).

discovery method and/or terms of discovery other than those selected by the requesting party). Even assuming that plaintiff's protocol is equally effective and less costly, the court finds that showing alone is insufficient to displace the presumption that the requesting party sets the terms of production because, at least on the evidence presented, the cost differential falls short of constituting an undue burden.

## II. Production Format and Associated Cost

Second, defendants are entitled to their preferred form of production, and the court will not authorize a $0.06 per page conversion cost. Plaintiff argues that it satisfies its discovery obligations by producing ESI in the form in which it is ordinarily maintained. Plaintiff claims that defendants have "failed to offer any explanation for their insistence that the FDIC-R incur the <u>additional</u> expense of converting these native format files to .tiff files at the same time a production is made." (Pl.'s Br. 9, ECF No. 33) (emphasis in original). Plaintiff concedes that a requesting party may specify a form for producing ESI but contends that "[a] party responding to a Rule 34 request for the production of ESI is not obligated to comply with the requesting party's specification of a particular form of production." (*Id.* at 9-10); *see also* FED. R. CIV. P. 34(b)(2)(D), (b)(2)(E)(ii).

A requesting party is entitled to specify the form in which ESI will be produced. FED. R. CIV. P. 34(b)(1)(C). The producing party can object to the requested method

of production, and the parties must meet and attempt to resolve the dispute. FED. R. CIV. P. 34(b)(2)(D). If the parties are unable to resolve the dispute, then the requesting party can file a motion to compel or the producing party can file a motion for a protective order. FED. R. CIV. P. 26(c)(1), 37(a).

Defendants have specified their preferred production format well in advance of any production. The Rules presume that the form requested by the requesting party is appropriate unless the responding party makes a showing that producing discovery in this form would be unduly burdensome. *See* FED. R. CIV. P. 26(c)(1)(C).

The Rules allow defendants to request ESI production in whatever form they wish, even if another form is "clearly more convenient, less burdensome, and less expensive," unless the requested discovery imposes an "undue burden" on the producing party. At this time, plaintiff has not made this showing. Plaintiff has not demonstrated that the requested information is not reasonably accessible because of undue burden or cost, FED. R. CIV. P. 26(b)(2)(B), that the *frequency* or *extent* of the discovery requested is unreasonable in some form, FED. R. CIV. P. 26(b)(2)(C), or that there is good cause to protect plaintiff from "an undue burden or expense," FED. R. CIV. P. 26(c)(1). Therefore, the court declines to endorse this provision.

Finally, plaintiff seeks to impose a $0.06 conversion cost for converting native files into .tiff files. The court finds that this is a cost of production that plaintiff must

bear for the reasons stated in *FDIC v. Whitley*, 2:12-cv-00170-WCO, ECF No. 76 (O'Kelley, J.), and *FDIC v. Brisco*, 1:11-cv-02303-SCJ, ECF No. 98 (Jones, J.). As a general rule, the "responding party must bear the expense of complying with discovery requests." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1970). Plaintiff has not provided sufficient evidence to displace this presumption, so any incurred conversion expense is "simply another cost of production that plaintiff, as the responding party, must bear." *Whitley*, ECF No. 76 at 38 (citing *Oppenheimer Fund, Inc.*, 437 U.S. at 358).

## III. Conclusion

Plaintiff's motion to adopt its proposed ESI protocol [33] is **DENIED**. Defendants' motion to adopt their proposed ESI protocol [32] is **GRANTED**.

IT IS SO ORDERED, this 22nd day of October, 2014.

*s/William C. O'Kelley*
William C. O'Kelley
Senior United States District Judge