IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FEDERAL DEPOSIT INSURANCE          )
CORPORATION, as Receiver for       )
HABERSHAM BANK,                    )
                                   )   CIVIL ACTION FILE
         Plaintiff,                )   NO. 2:14-cv-29
                                   )
v.                                 )
                                   )
DAVID D. STOVALL, EDWARD D.        )
ARIAIL, BONNIE C. BOWLING,         )
MICHAEL C. MARTIN, MICHAEL L.      )
OWEN, M. EDWARD HOYLE,             )
FRANK E. FELKER, and ANDREW        )
COKER,                             )
                                   )
         Defendants.               )

**DEFENDANT ANDREW COKER'S SECOND AMENDED ANSWER**

Pursuant to Fed. R. Civ. P. Rules 8, 12, and 15, Defendant Andrew Coker

("Defendant"), a former loan officer of Habersham Bank ("Habersham" or the

"Bank"), by and through the undersigned counsel, files his Second Amended

Answer to the Complaint (the "Complaint") filed by the Federal Deposit

Insurance Corporation as Receiver for Habersham Bank (the "FDIC-R").

In response to the allegations in the first unnumbered Paragraph, Defendant

admits that the FDIC-R purports to bring this action in its capacity as Receiver of

1

25002321.2

Habersham Bank against Defendant for negligence, gross negligence, and breach of fiduciary duty. Defendant denies that he is liable for negligence, gross negligence, and/or breach of fiduciary duty.

### Responding to "I. Introduction"

1.     Defendant admits Paragraph 1 of the Complaint.

2.     Defendant admits the first sentence of Paragraph 2 of the Complaint. Defendant Coker adamantly denies any liability to the FDIC-R for breach of fiduciary duty, negligence, or gross negligence. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and therefore denies the same.

3.     Paragraph 3 of the Complaint purports to state legal conclusions and general opinions to which no response is required. To the extent a response is required, Defendant denies that he failed to adequately perform his duties, responsibilities, and obligations as alleged by Plaintiff and denies the remaining allegations in Paragraph 3 of the Complaint.

4.     Defendant admits that each of the Defendants either recommended loans for approval by, or served as members of, the Bank's Board Loan Committee. Defendant denies the remaining allegations of Paragraph 4 of the Complaint and

2

25002321.2

specifically denies that he performed his duties in any manner that was contrary to prudent, safe, and sound banking practices.

5.     Defendant denies the allegations of Paragraph 5 of the Complaint and all subparts thereto. Defendant specifically denies that he performed his duties in any manner that was contrary to prudent, safe, and sound banking practices. Defendant asserts that, beginning in 2006, the United States began to enter into what would become a devastating and unprecedented financial crisis, the severity of which, as noted by economic experts, could not have been predicted. Defendant further acknowledges that the collapse of the housing and real estate values in the Georgia real estate markets created unprecedented pressures on the Bank's community, its customers, and community banks throughout the region and state. The staggering economic losses were unseen in the history of the Bank's market area. While the FDIC-R in its Complaint, relying on hindsight, alleges that Defendant and the other named defendants should be personally responsible for the Loss Transactions, the facts remain that these losses were the result of the worst economic crisis since the Great Depression, as well as the actions and non-actions of the regulatory authorities themselves.  Notwithstanding the FDIC-R's allegations otherwise, Defendant at all times acted in good faith in the execution of his duties to the Bank and sought to pursue the best interests of the Bank.

25002321.2

Defendant asserts that he did not take action to recommend a loan or the renewal of a loan that was believed not to be in the best interest of the Bank. Defendant further asserts that at no time was he in a position of discretionary authority, and he had no duty and/or authority to direct and/or control the alleged wrongful conduct. Defendant denies any and all allegations that suggest Defendant failed to execute his responsibilities as to loans or in any way acted in a manner that violated safe and sound banking practices.

6.     Defendant denies that he is liable to the FDIC-R, and denies that the FDIC-R has any valid claims against Defendant for negligence, gross negligence, breaches of fiduciary duty, or any other legal duties. Defendant is without knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and therefore denies the same.

7.     Defendant denies Paragraph 7 of the Complaint.

### Responding to "II. Jurisdiction and Venue"

8.     Defendant admits that this Court has jurisdiction over this matter.

9.     Defendant admits that this Court has jurisdiction over this matter as to Defendant.

10.     Defendant admits that this Court is the proper venue for this matter.

25002321.2

**Responding to "III. The Parties"**

11.     Defendant admits that Habersham was closed by the Georgia Department of Banking and Finance ("GDBF") on February 18, 2011, and the FDIC-R was appointed receiver. No answer is required as to the cited legal authority. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint and therefore denies the same.

12.     Defendant admits that Habersham was a state nonmember bank closed by the GDBF on or about February 18, 2011. Defendant admits that Habersham was wholly owned by Habersham Bancorp ("HABC"). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies the same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

25002321.2

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Defendant admits the allegations in Paragraph 20 of the Complaint.

### Responding to "IV. Factual Allegations"

**A.   Background**

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

25002321.2

22.   Defendant denies the allegations in Paragraph 22 of the Complaint.

23.   Defendant denies the allegations in Paragraph 23 of the Complaint.

24.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies the same.

25.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and therefore denies the same.

26.   Defendant admits that Habersham was closed by the GDBF on or about February 18, 2011.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint and therefore denies the same. Defendant further denies that there is any basis in law or fact to purport to hold him responsible for alleged Loss Transactions that occurred after he was no longer affiliated with the Bank.

### i.   Responding to "Habersham's Reckless Growth in CRE and ADC Lending"

27.   Defendant admits the allegations in Paragraph 27 of the Complaint.

25002321.2

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies the same.

29. Defendant admits the first and second sentences in Paragraph 29 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint and therefore denies the same.

30. Defendant admits the second sentence of Paragraph 30 of the Complaint.  Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Defendant admits Paragraph 31 of the Complaint.

32. Defendant admits Paragraph 32 of the Complaint.

33. The Defendant denies the first sentence in Paragraph 33 of the Complaint. Defendant admits that the Call Reports and the UBPRs contain the information reflected in the table referenced in Paragraph 33 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Complaint and therefore denies the same.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies the same.

35.     Defendant admits that the Call Reports and the UBPRs contain the information reflected in the table referenced in Paragraph 35 of the Complaint. Defendant denies that this information demonstrates a "progressive deterioration of the Bank's ADC loan portfolio." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and therefore denies the same.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies the same.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies the same.

38.     Defendant admits that the Call Reports and the UBPRs contain the information reflected in the table referenced in Paragraph 38 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the

9

truth of the remaining allegations in Paragraph 38 of the Complaint and therefore denies the same.

39.     Defendant admits the Call Reports and UBPRs were publicly available and accessible. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

### ii.     Responding to "Defendants Ignored Their Own Internal Warnings About Habersham's Deteriorating CRE/ADC Loan Portfolio"

40.     Defendant denies the first sentence in Paragraph 40 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint and therefore denies the same.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies the same.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies the same.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and

25002321.2

therefore denies the same, and Defendant asserts that he did not attend meetings of the Finance Committee in his capacity at the Bank.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and therefore denies the same, and Defendant asserts that he did not attend meetings of the Finance Committee in his capacity at the Bank.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies the same, and Defendant asserts that he did not attend meetings of the Finance Committee in his capacity at the Bank.

46.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies the same.

47.    Defendant admits that Defendant Ariail stated that "poor financial results of the Bank were created by several factors, which we hope do not become a trend. Most significantly, the $2.5 million which Mr. Stovall mentioned in last month's board meeting that was placed on non-accrual in January, the intent of $46,801, which had been accrued but not paid, was reversed from income." As to the second sentence, Defendant admits that Defendant Ariail stated that

11

25002321.2

"Generally, the primary reason for most of our offices to not achieve planned income is a lack of loans."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies the same. Footnote 3 to Paragraph 47 purports to state legal conclusions and general opinions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Footnote 3, and therefore denies the same.

48.    Defendant admits to the accuracy of the quoted text from the February 2007 report.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint and therefore denies the same.

49.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies the same.

50.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies the same.

25002321.2

51.   Defendant admits that Defendant Ariail stated that the Bank was "suffering from a lack of loan demand." Defendant admits that Defendant Ariail stated in the May 22, 2007 financial results report that "another $5 million in loans were placed in non-accrual this past month. The accrued interest of $113,178 for these loans was reversed from income. Additionally, now with more than approximately $8 million in loans on a non-accrual status, interest income is off over $58,000 for the month."  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies the same.

52.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies the same.

53.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies the same.

54.   Defendant denies the first sentence of Paragraph 54 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the Complaint and therefore denies the same.

13

25002321.2

### iii.   Responding to "Defendants Ignored Regulatory Warnings about Habersham's Significant Concentrations in CRE and ADC Lending."

55.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies the same.

56.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies the same.

57.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies the same.

58.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore denies the same.

59.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies the same.  Defendant admits Footnote 4, contained in Paragraph 59.

14

**iv.    Responding to "Ignoring Internal and Regulatory Warnings, Defendants Continued Their Aggressive, Unsafe and Unsound Lending Policies in Order To Fund A 'Special Dividend' Payment and a Stock Repurchase Plan."**

60.    Defendant denies Paragraph 60 of the Complaint.

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies the same. Defendant further states that he was not, at any time, a member of the Bank's Board of Directors or the HABC Board of Directors and is therefore without knowledge regarding the conduct or actions regarding those boards.

62.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore denies the same.

63.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies the same.

64.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and

15

therefore denies the same. Defendant further states he was not a member of the Bank's Board of Directors at any time.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies the same.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore denies the same.

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies the same.

### v. Responding to "Loan Regulations and Guidance"

68. Defendant admits Paragraph 68 of the Complaint.

69. The Defendant admits that the FDIC, as required by 12 U.S.C. §1828(o), has prescribed standards for real estate lending to be used by insured banks. To the extent the allegations of Paragraph 69 require further response, they are denied.

70. Defendant admits the allegations of Paragraph 70 of the Complaint.

16

25002321.2

71.    Defendant admits Paragraph 71 of the Complaint.  Defendant further notes the *Interagency Guidelines for Real Estate Lending Policies* includes additional factors to be considered in formulating its loan policies.

72.    Defendant admits Paragraph 72 of the Complaint.  Defendant further notes the *Interagency Guidelines for Real Estate Lending Policies* includes additional market supply and demand factors to be considered.

73.    Defendant admits Paragraph 73 of the Complaint.  Defendant further notes the *Interagency Guidelines for Real Estate Lending Policies* includes additional underwriting standards that should be included in a bank's loan policy and further states, "lending policies should reflect the level of risk that is acceptable to the board of directors and provide clear and measurable underwriting standards that enable the institution's lending staff to evaluate these credit factors."

74.    Defendant admits that the terms "Construction loan," "Land development loan," "Loan origination," "Loan-to-value" or "loan-to-value ratio," and "value" are defined in the *Interagency Guidelines for Real Estate Lending Policies*, for the purposes of those Guidelines, and that the definitions include, in part, the definitions stated in Paragraph 74 of the Complaint.  Defendant admits the remaining allegations of Paragraph 74.

17

75.    Defendant admits that the Federal Reserve Board's Regulation O, 12 C.F.R. Part 215, *Loans to Executive Officers, Directors, and Principal Shareholders of Member Banks*, made applicable to FDIC-insured banks by 12 C.F.R. §337.3, governs the extension of credit made by a member bank to an executive officer, directors, and their related parties.  Defendant admits that the conditions set forth in the second sentence of Paragraph 75, including subparagraphs (a) through (d), constitute some, though not all, of the conditions necessary for an extension of credit to be made to any insider of the bank. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 of the Complaint, which therefore stand denies.

### vi.    Responding to "Habersham's Loan Policy and Procedures"

76.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 76 of the Complaint and therefore denies the same.

77.    Defendant admits the Board was required to abide by all applicable laws and regulations.  To the extent the allegations in Paragraph 77 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a

18

25002321.2

belief as to the truth of the remaining allegations in Paragraph 77 of the Complaint and therefore denies the same.

78.   To the extent the allegations in Paragraph 78 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 of the Complaint and therefore denies the same.

79.   Defendant admits the Bank served Habersham, White, Warren, Cherokee, Hall, Gwinnett, Stephens, and Forsyth counties.  To the extent the allegations in Paragraph 79 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the Complaint and therefore denies the same.

80.   To the extent the allegations in Paragraph 80 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 of the Complaint and therefore denies the same.

25002321.2

81.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies the same.

82.    Defendant admits that the Loan Policy states that the Board will "[a]pprove all required director and executive officer loans." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of the Complaint and therefore denies the same.

83.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 83 of the Complaint, which is therefore denied.

84.    Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 84 of the Complaint, which is therefore denied. Defendant further states he was not a member of the Bank's Loan Committee.

85.    To the extent the allegations in Paragraph 85 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 of the Complaint, and all subparts thereto, and therefore denies the same.

20

86.     Defendant admits the second sentence of Paragraph 86.  To the extent the remaining allegations in Paragraph 86 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86 of the Complaint and therefore denies the same.

87.     Defendant admits that the Loan Policy states that "[i]n working out an acceptable repayment plan, we should require that all loans have at least two viable, clearly defined sources of repayment," and that "[a]s a condition of making time loans, loan officers should ensure that the customer has a definite source of repayment at maturity."  To the extent the allegations in Paragraph 87 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of the Complaint and therefore denies the same.

88.     Defendant admits Paragraph 88 of the Complaint.

89.     Defendant admits that the Loan Policy acknowledges certain kinds of loans, a request for which "must be documented as to the reason for the deviation from the Loan Policy and approved by the Loan Committee(s)," and that the Loan

21

Policy contains examples of these loans that are reflected in subparagraphs (a) through (d) of Paragraph 89 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89 of the Complaint and therefore denies the same.

90.    Defendant admits that the quoted portions of the Loan Policy are accurate.  To the extent the remaining allegations in Paragraph 90 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 of the Complaint and therefore denies the same.

91.    Defendant admits that the quoted portions of the Loan Policy are accurate.  To the extent the allegations in Paragraph 91 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91 of the Complaint and therefore denies the same.

92.    Defendant admits that the Loan Policy established "Credit Administration Guidelines." To the extent the allegations in Paragraph 92 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those

22

allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92 of the Complaint and therefore denies the same.

93.     Defendant admits that the quoted portions of the Loan Policy are accurate. To the extent the allegations in Paragraph 93 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 of the Complaint and therefore denies the same.

94.     Defendant admits that the quoted portions of the Loan Policy are accurate.  To the extent the allegations in Paragraph 90 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 94 of the Complaint and therefore denies the same.

95.     Defendant admits that the loan policy states that "[i]t is the responsibility of the loan officer to gather and review information and determine the type of credit facility that best meets the applicant's needs," and that the Commercial Lending Guidelines contain several factors to evaluate that are

23

reflected in Paragraph 95. To the extent the allegations in Paragraph 95 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95 of the Complaint and therefore denies the same.

96.     Defendant admits that the Loan Policy states that "[a]t minimum, the following factors must be evaluated.

    (a)   Income is reconciled to the prior year's balance sheet

    (b)   Repayment ability is based on cashflow from operation, in addition to considering existing and proposed debt

    (c)   Debt service coverage is calculated anticipating an increase to the interest rate

    (d)   Global debt service is 1.25. Factors such as collateral, historical earnings, management, etc. could mitigate the risk associated with coverage less than 1.25

    (e)   Loans are to be repaid in the shortest period appropriate"

To the extent the remaining allegations in Paragraph 96 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96 of the Complaint and therefore denies the same.

24

97.     Defendant admits that the Commercial Lending Guidelines of the Loan Policy state that the equity contributed by an applicant is to be identified and described, including:

(a)     Confirmation of the source of any cash injection. If capital injection includes equity pledged as collateral, its value is to be established,

(b)     Other personal resources, including a determination that the owner or guarantor has utilized personal resources. Any debts owed by the business to an owner or guarantor are to be identified and reviewed for potential subordination,

(c)     A conclusion and opinion regarding the equity injection and the commitment of the applicant and guarantors, including ways to address a deficient capital injection."

To the extent the remaining allegations in Paragraph 97 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97 of the Complaint and therefore denies the same.

98.     Defendant admits that the Loan Policy states that "[a]nyone who owns 20% or more of a company must guaranty the loan."   To the extent the remaining allegations in Paragraph 98 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98 of the Complaint and therefore denies the same.

99. To the extent the allegations in Paragraph 99 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. To the extent the remaining allegations in Paragraph 99 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Complaint, and all subparts thereto, and therefore denies the same.

100. Defendant admits that the Real Estate Appraisal Policy Statement states that "comprehensive certified appraisals will be required on real estate transactions that involve total amounts greater than $150,000." To the extent the allegations in Paragraph 100 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 of the Complaint and therefore denies the same.

101. Defendants admit that the Specific Documentation Guidelines state that "[l]oans should be properly documented prior to disbursing funds," and that "[l]oan proceeds should be properly documented to provide a clear audit trail." To

26

25002321.2

the extent the allegations in Paragraph 101 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 of the Complaint and therefore denies the same.

102. To the extent the allegations in Paragraph 102 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint and therefore denies the same.

103. Defendants admit that the Real Estate Lending Policy stated as follows: "While this section refers to various maximum allowable advance rates, prudent lending dictates that the borrower should have some minimum amount of equity regardless of the advance rate. The recommended minimum amount of equity is 10% of cost." To the extent the remaining allegations in Paragraph 103 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Complaint and therefore denies the same.

25002321.2

104. Defendant admits as to the quoted portion of the Loan Policy. To the extent the remaining allegations in Paragraph 104 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Complaint and therefore denies the same.

105. Defendant admits as to the quoted portions of the Loan Policy. To the extent the remaining allegations in Paragraph 105 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the Complaint, and all subparts thereto, and therefore denies the same.

106. Defendant admits that the Loan Policy defines a Construction Loan as an "extension of credit for the purpose of erecting or rehabilitating buildings or other structures, including any infrastructure necessary for development," and that the "term of the construction loan is dependent on the scope of the project being financed, but would not generally exceed 18 - 24 months." To the extent the remaining allegations in Paragraph 106 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without

25002321.2

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 of the Complaint and therefore denies the same.

107.   Defendants admit that the Loan Policy states: "[t]he borrower must demonstrate financial ability to support the project and should have excellent credit and a sound reputation." Defendants also admit that the Loan Policy states: "[c]onstruction projects are to have standard finance controls, including appraisals, equity investment, engineering inspections, and controlled disbursements."  To the extent the remaining allegations in Paragraph 107 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the Complaint and therefore denies the same.

108.   To the extent the allegations in Paragraph 108 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 of the Complaint and therefore denies the same.

29

25002321.2

109.   To the extent the allegations in Paragraph 109 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 of the Complaint and therefore denies the same.

110.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint and therefore denies the same.

## B.      Responding to "The Loss Transactions."

111.   Defendant denies the first sentence in Paragraph 111 of the Complaint. Defendant admits that a chart is attached to the Complaint as Exhibit A. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111 of the Complaint and therefore denies the same.

112.   Defendant denies Paragraph 112 of the Complaint.

## Responding to "Loss Transaction No. 1: BI, LLC"

113.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint and therefore denies the same.

25002321.2

114.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and therefore denies the same.

115.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint and therefore denies the same.

116.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint and therefore denies the same.

117.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint, and all subparts thereto, and therefore denies the same.

118.   Defendant admits that the quoted portions of the Loan Policy are accurate.  To the extent the remaining allegations in Paragraph 118 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Complaint and therefore denies the same.

119. Defendant admits that the quoted portions of the Loan Policy are accurate. To the extent the remaining allegations in Paragraph 119 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 of the Complaint and therefore denies the same.

120. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint and therefore denies the same.

121. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and therefore denies the same.

122. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint and therefore denies the same.

123. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint and therefore denies the same.

25002321.2

124.   Defendant denies Paragraph 124 of the Complaint and all subparts thereto.

125.   Defendant denies any and all allegations that suggest Defendant failed to execute his responsibilities as to this loan or in any way acted in a manner that violated safe and sound banking practices. Defendant is without knowledge or information sufficient to form a belief as to the truth of Paragraph 125 of the Complaint and therefore denies the same, and Defendant asserts that he is not listed as approving this loan.

**Responding to "Loss Transaction No. 2: J&J CG"**

126.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and therefore denies the same.

127.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint and therefore denies the same.

128.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint and therefore denies the same.

129.   The defendant denies Paragraph 129 of the Complaint.

33

130. To the extent the allegations in Paragraph 130 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130 of the Complaint and therefore denies the same.

131. Defendant denies Paragraph 131 of the Complaint.

132. To the extent the allegations in Paragraph 132 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 of the Complaint and therefore denies the same.

133. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Complaint and therefore denies the same.

134. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint and therefore denies the same.

135. Defendant admits that the Loan Policy states: "[p]rudent banking dictates that the borrower has cash equity in the project." To the extent the

34

remaining allegations in Paragraph 135 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 of the Complaint and therefore denies the same.

136.   Defendant denies the allegation that "in approving the loan, the Loan Committee knew that the financial capacity of the borrowers was such that it was not reasonable to assume that the $5.858 million loan, plus $527,220 in interest, would be repaid at maturity on July 12, 2008." To the extent the remaining allegations in Paragraph 136 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 of the Complaint, which are therefore denied.

137.   Defendant denies Paragraph 137 of the Complaint.

138.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint and therefore denies the same.

139.   To the extent the remaining allegations in Paragraph 139 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those

25002321.2

allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint and therefore denies the same.

140.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint and therefore denies the same.

141.   Defendant denies the last sentence of Paragraph 141 of the Complaint. To the extent the remaining allegations in Paragraph 141 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 141 of the Complaint and therefore denies the same.

142.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint and therefore denies the same.

143.   To the extent the allegations in Paragraph 143 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the

25002321.2

truth of the allegations in Paragraph 143 of the Complaint and therefore denies the same.

144.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint and therefore denies the same.

145.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint and therefore denies the same.

146.   Defendant denies Paragraph 146 of the Complaint.

147.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint and therefore denies the same.

148.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint and therefore denies the same. Defendant further denies that there is any basis in law or fact to purport to hold him responsible for alleged conduct relating to the Loss Transactions that occurred after he was no longer affiliated with the Bank.

149.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint and

25002321.2

therefore denies the same. Defendant further denies that there is any basis in law or fact to purport to hold him responsible for alleged conduct relating to the Loss Transactions that occurred after he was no longer affiliated with the Bank.

150.   Defendant denies any and all allegations that suggest Defendant failed to execute his responsibilities as to this loan or in any way acted in a manner that violated safe and sound banking practices. Defendant further denies the allegations in Paragraph 150 of the Complaint.

**Responding to "Loss Transaction No. 3: LS"**

151.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint and therefore denies the same.

152.   To the extent the allegations in Paragraph 152 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 of the Complaint and therefore denies the same.

153.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint and therefore denies the same.

25002321.2

154.    To the extent the allegations in Paragraph 154 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 154 of the Complaint and therefore denies the same.

155.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint and therefore denies the same.

156.    Defendant denies Paragraph 156 of the Complaint.

157.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Complaint and therefore denies the same.

158.    To the extent the allegations in Paragraph 158 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158 of the Complaint and therefore denies the same.

159.    To the extent the allegations in Paragraph 159 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations.

25002321.2

Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159 of the Complaint and therefore denies the same.

160. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Complaint and therefore denies the same.

161. Defendant denies Paragraph 161 of the Complaint.

162. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint and therefore denies the same.

163. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint and all subparts thereto, and therefore denies the same. Defendant further denies that there is any basis in law or fact to purport to hold him responsible for alleged conduct relating to the Loss Transactions that occurred after he was no longer affiliated with the Bank.

164. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint and therefore denies the same. Defendant further denies that there is any basis in law or

fact to purport to hold him responsible for alleged conduct relating to the Loss Transactions that occurred after he was no longer affiliated with the Bank.

165.   Defendant denies any and all allegations that suggest Defendant failed to execute his responsibilities as to this loan or in any way acted in a manner that violated safe and sound banking practices. Defendant further denies the remaining allegations in Paragraph 165 of the Complaint.

**Responding to "Loss Transaction No. 4: SIP, LLC"**

166.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint and therefore denies the same.

167.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Complaint and therefore denies the same.

168.   Defendant admits the third sentence of Paragraph 168 of the Complaint.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 of the Complaint and therefore denies the same.

41

169.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Complaint and therefore denies the same.

170.   Defendant denies Paragraph 170 of the Complaint.

171.   Defendant denies Paragraph 171 of the Complaint.

172.   Defendant denies Paragraph 172 of the Complaint.

173.   Defendant denies Paragraph 173 of the Complaint.

174.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint and therefore denies the same.

175.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint and therefore denies the same.

176.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint and therefore denies the same.

177.   To the extent the allegations in Paragraph 177 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the

42

25002321.2

truth of the remaining allegations in Paragraph 177 of the Complaint and therefore denies the same.

178. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint and therefore denies the same.

179. Defendant denies any and all allegations that suggest Defendant failed to execute his responsibilities as to this loan or in any way acted in a manner that violated safe and sound banking practices. Defendant further denies the remaining allegations in Paragraph 179 of the Complaint, and further asserts that he is not listed as approving this loan.

**Responding to "Loss Transaction No. 5: SG/EP"**

180. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint and therefore denies the same.

181. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint and therefore denies the same.

43

182. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint and therefore denies the same.

183. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Complaint and therefore denies the same.

184. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint and therefore denies the same.

185. To the extent the allegations in Paragraph 185 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185 of the Complaint and therefore denies the same.

186. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Complaint and therefore denies the same.

25002321.2

187.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint and therefore denies the same.

188.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint and therefore denies the same.

189.   Defendant denies Paragraph 189 of the Complaint.

190.   To the extent the allegations in Paragraph 190 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 190 of the Complaint and therefore denies the same.

191.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Complaint and therefore denies the same.

192.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint and therefore denies the same.

193.   Defendant denies Paragraph 193 of the Complaint.

25002321.2

194.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint and therefore denies the same.

195.   Defendant denies the allegations in Paragraph 195 of the Complaint.

196.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint and therefore denies the same.

197.   To the extent the allegations in Paragraph 197 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 197 of the Complaint and therefore denies the same.

198.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Complaint and therefore denies the same.

199.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199 of the Complaint and therefore denies the same.

25002321.2

200.   Defendant denies any and all allegations that suggest Defendant failed to execute his responsibilities as to this loan or in any way acted in a manner that violated safe and sound banking practices. Defendant denies Paragraph 200 of the Complaint.

**Responding to "Loss Transaction No. 6: "SG/JLJ"**

201.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Complaint and therefore denies the same.

202.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202 of the Complaint and therefore denies the same.

203.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203 of the Complaint and therefore denies the same.

204.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Complaint and therefore denies the same.

205.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 of the Complaint and therefore denies the same.

206.   Defendant denies Paragraph 206 of the Complaint, and all subparts thereto.

207.   Defendant denies Paragraph 207 of the Complaint.

208.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 208 of the Complaint and therefore denies the same. Defendant denies the remaining allegations of Paragraph 208 of the Complaint.

209.   To the extent the allegations in Paragraph 209 of the Complaint are inconsistent with the Bank's Loan Policy, Defendant denies those allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 209 of the Complaint and therefore denies the same.

210.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Complaint and therefore denies the same.

25002321.2

211.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the Complaint and therefore denies the same.

212.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the Complaint and therefore denies the same.

213.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Complaint and therefore denies the same.

214.   Defendant denies Paragraph 214 of the Complaint and all subparts thereto.

215.   Defendant denies any and all allegations that suggest Defendant failed to execute his responsibilities as to this loan or in any way acted in a manner that violated safe and sound banking practices. Defendant further denies Paragraph 215 of the Complaint.

**Responding to "Loss Transaction No. 7: "T Homes, Inc."**

216.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 of the Complaint and therefore denies the same.

49

25002321.2

217.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Complaint and therefore denies the same.

218.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218 of the Complaint and therefore denies the same.

219.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 219 of the Complaint and therefore denies the same.

220.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220 of the Complaint and therefore denies the same.

221.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the Complaint and therefore denies the same.

222.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222 of the Complaint and therefore denies the same.

223.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223 of the Complaint and therefore denies the same.

224.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Complaint and therefore denies the same.

225.    Defendant denies Paragraph 225 of the Complaint.

226.    Defendant denies Paragraph 226 of the Complaint and all subparts thereto.

227.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 227 of the Complaint and therefore denies the same.

228.    Defendant denies any and all allegations that suggest Defendant failed to execute his responsibilities as to this loan or in any way acted in a manner that violated safe and sound banking practices. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 228 of the Complaint and therefore denies the same, and Defendant further asserts that he is not listed as approving this loan.

**Responding to "V. Causes of Action"**

25002321.2

## "Count 1 – Ordinary Negligence Under Georgia Law

## Against All Defendants"

229.   Defendant incorporates and re-alleges the responses and denials in Paragraphs 1-228 as if fully set forth herein.

230.   Paragraph 230 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies any and all remaining allegations in Paragraph 230.

231.   Paragraph 231 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies any and all remaining allegations in Paragraph 231.  Defendant further asserts that all of his actions or inactions that are the basis of this claim were taken in good faith, were the result of well-informed and rational decision-making processes, and were undertaken in what Defendant reasonably believed to be the best interest of the Bank.

232.   Paragraph 232 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 232 of the Complaint.

233. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 233 of the Complaint and therefore denies the same.

234. Paragraph 234 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 234 Complaint.

235. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 235 of the Complaint and therefore denies the same.

236. Paragraph 236 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 236.

237. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 237 of the Complaint and therefore denies the same.

238. Paragraph 238 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 238 of the Complaint.

25002321.2

239. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the Complaint and therefore denies the same.

240. Paragraph 240 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 240 of the Complaint.

241. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 of the Complaint and therefore denies the same.

242. Paragraph 242 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 242 of the Complaint.

243. Paragraph 243 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 243 of the Complaint.

244. Defendant denies Paragraph 244 of the Complaint.

245. Paragraph 245 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 245 of the Complaint.

25002321.2

246. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 of the Complaint and therefore denies the same.

247. Paragraph 247 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 247 of the Complaint.

248. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 248 of the Complaint and therefore denies the same.

249. Paragraph 249 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 249.

250. Defendant denies Paragraph 250 of the Complaint, and all subparts thereto.

251. Defendant denies Paragraph 251 of the Complaint, and all subparts thereto.

252. Defendant denies Paragraph 252 of the Complaint.

253. Defendant denies Paragraph 253 of the Complaint.

25002321.2

## "Count 2 – Gross Negligence Under 12 U.S.C. § 1821 (K)
## And/Or Georgia Law Against All Defendants"

254.   Defendant incorporates and re-alleges the responses and denials in Paragraphs 1-253 as if fully set forth herein.

255.   Paragraph 255 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 255.

256.   Defendant denies Paragraph 256 of the Complaint.

257.   Defendant denies Paragraph 257 of the Complaint.

258.   Defendant denies Paragraph 258 of the Complaint. Defendant further asserts that all of his actions or inactions that are the basis of this claim were taken in good faith, were the result of well-informed and rational decision-making processes, and were undertaken in what Defendant reasonably believed to be the best interest of the Bank.

## "Count 3 – Breach of Fiduciary Duty Against All Defendants"

259.   Defendant incorporates and re-alleges the responses and denials in Paragraphs 1-258 as if fully set forth herein.

260.    Paragraph 260 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 260.

261.    Defendant denies Paragraph 261 of the Complaint.

262.    Defendant denies Paragraph 262 of the Complaint. Defendant further asserts that all of his actions or inactions that are the basis of this claim were taken in good faith, were the result of well-informed and rational decision-making processes, and were undertaken in what Defendant reasonably believed to be the best interest of the Bank.

## C.    Responding to "Prejudgment Interest"

263.    Defendant admits the last sentence in Paragraph 263 of the Complaint. The remainder of Paragraph 263 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies any and all remaining allegations.

264.    Paragraph 264 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief from Defendant and denies all remaining allegations of Paragraph 264.

## D.    Responding to "VI. Demand for Trial by Jury"

57

25002321.2

265. Defendant requests a trial by jury on all issues.

**E.  Responding to "VII. Prayer for Relief"**

266. Defendant denies that Plaintiff is entitled to any relief from Defendant.

## RESPONDING TO ALL ALLEGATIONS

Defendant here asserts that the FDIC-R is claiming that Defendant should be held personally liable for losses caused as a result of the worst economic crisis to hit this nation since the Great Depression. The FDIC-R is relying on its 20/20 hindsight and is second guessing the legitimate business decisions made by Defendant and the other named defendants.  Defendant's decision-making process, as well as his evaluation and consideration of the loans for which he is listed as having recommended, was reasonable and conducted in good faith. The Complaint ignores the reality that these borrowers were overwhelmed by the economic crisis which swiftly and totally crippled the region, and the nation, and instead seeks to blame Defendant for failing to predict and guard against a worst-case scenario.

Defendant denies any allegations contained in the headings used in the Complaint.  To the extent that any heading in the Complaint is repeated in this Answer, it is for ease of reference only and should not be construed as an admission to the truth of any matter stated in the heading. Defendant denies each

25002321.2

and every allegation of the Complaint, whether express or implied, that is not specifically and unequivocally admitted herein. Except as expressly admitted, or otherwise expressly stated above, Defendant denies all allegations of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief from Defendant.

## FIRST DEFENSE

Each and every count of the Complaint fails to state a claim against Defendant upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part because the conduct challenged by Plaintiff constitutes the reasonable exercise of business judgment by Defendant, and Defendant is entitled to a conclusive presumption of the same. After considering all reasonably available information, Defendant exercised his business judgment to make informed business decisions that he honestly believed, in good faith, were in the best interest of the Bank.

## THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant acted in good faith at all times including, but not limited to, relying and acting in good faith upon information, opinions, reports and/or statements, including financial statements and other financial data, that were prepared and/or presented by: (1) one

or more officers or employees of the Bank whom Defendant reasonably believed to be reliable and competent in the matters presented; (2) counsel, public accountants, and/or other persons as to matters which Defendant reasonably believed were within such person's professional or expert competence; and/or (3) Committees of the Board of Directors upon which Defendant did not serve, duly designated in accordance with a provision of the Bank's articles of incorporation and/or bylaws, as to matters within such committee's designated authority, which Defendant reasonably believed to merit confidence.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations, statute(s) of repose, and/or the doctrine of laches.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because they seek to impose personal liability upon Defendant for alleged damages resulting from intervening causes and/or events that were not within Defendant's control and were historic, global, unforeseeable, and unforeseen by countless reasonable persons, including the GDBF, the Federal Deposit Insurance Corporation ("FDIC"), and other government agencies and regulators charged with monitoring and regulating financial institutions. These agencies and regulators failed to take preventive steps

60

to avoid the disastrous decline in real estate value nationally, the near collapse of global credit markets, and the epidemic failures of the financial institutions the agencies were responsible for regulating. Among other causes, all of the aforementioned caused and/or contributed to the alleged damages sought by Plaintiff independently of any alleged conduct of Defendant.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff, as Receiver of the Bank, committed contributory negligence and gross negligence, which intervened to cause substantial damage to, and/or waste of, the assets and capital of the Bank, and which caused and/or contributed to the alleged damages sought by Plaintiff. Among other negligent and grossly negligent acts, Plaintiff refused to work with delinquent and/or defaulting borrowers in an attempt to reduce and/or prevent potential losses on the Bank's loans and, instead, chose to accelerate the indebtedness and/or foreclose on the collateral securing said loans, which often resulted in the Bank sustaining larger losses that it would have had Plaintiff worked with these borrowers. Moreover, it is believed Plaintiff sold properties held by the Bank as collateral for loans under "bulk sale" conditions for a small fraction of their market value. These bulk sales of properties, and other sales of collateral, for far less than their fair market value was typical of, and consistent with,

61

Plaintiff's pattern and practice of "dumping" properties and committing waste of the Bank's assets.

### SEVENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff's negligent and grossly negligent acts prevented the Bank from mitigating damages resulting from unforeseeable intervening events.

### EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by pre-receivership contributory negligence and gross negligence of third parties, which intervened to cause substantial damages to, or waste of, the assets and capital of the Bank, and which caused or contributed to the alleged damages sought by Plaintiff.

### NINTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendant reasonably and in good faith relied on bank examiners and regulators including, but not limited to, the GDBF and the FDIC, which failed to foresee the alleged losses and failed to require Defendant to adopt any course of conduct other than that which allegedly resulted in the losses complained of in the Complaint.

### TENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendant

25002321.2

reasonably and in good faith relied upon information, reports, opinions, and statements provided by persons, government agencies, and regulatory authorities including, but not limited to, the GDBF and the FDIC, with professional and/or expert competence, in taking or failing to take action(s) now alleged by Plaintiff to be wrongful.

## ELEVENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendant had no knowledge of, and no reasonable grounds to believe in, the existence of the facts by which the liability is alleged to exist.

## TWELFTH DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent Plaintiff failed, neglected, or refused to mitigate damages as required by law.

## THIRTEENTH DEFENSE

Plaintiff's claims fail because the actions Plaintiff challenges were reasonable and justified under the circumstances.

## FOURTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Plaintiff's alleged damages, if any, were not proximately caused by any wrongdoing on the part of Defendant.

25002321.2

## FIFTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because Defendant acted within the scope of his authority.

## SIXTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part because of FDIC's acts, omissions, representations and courses of conduct, which Defendant was led to rely on to his detriment, and/or to the extent Plaintiff accepted the benefits of Defendant's alleged wrongful conduct.

## SEVENTEENTH DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent Plaintiff consented to, authorized, and/or ratified Defendant's alleged wrongful conduct.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff engaged in acts and courses of conduct which rendered it *in pari delicto*.

## NINETEENTH DEFENSE

Defendant alleges, upon information and belief, that the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of others, including but not limited to Plaintiff, the FDIC, and the

64

25002321.2

GDBF.  Thus, the liability of the responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability of Defendant, if any, should be reduced accordingly.

## TWENTIETH DEFENSE

Plaintiff's purported claims are barred in whole or in part by the doctrine of waiver and/or estoppel, based on the FDIC-R's post-receivership conduct.

## TWENTY-FIRST DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent that any alleged wrongful conduct occurred when Defendant was not employed at the Bank and/or was not in a position of discretionary authority relating to specific matters, and had no duty and/or authority to direct and/or control the alleged wrongful conduct.

## TWENTY-SECOND DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent that any alleged wrongful conduct occurred when Defendant was not employed at the Bank and/or was not in a position of discretionary authority, such that he had no duty and/or authority to direct and/or control the alleged wrongful conduct.

65

25002321.2

## TWENTY-THIRD DEFENSE

Defendant alleges, upon information and belief, that the matters complained of in the Complaint were proximately caused, in whole or in part, by the acts or omissions of others including, but not limited to, Plaintiff, the FDIC, and the GDBF. Thus, the liability of the responsible parties, named or unnamed, should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability of Defendant, if any, should be reduced accordingly.

## TWENTY-FOURTH DEFENSE

Plaintiff's purported claims are barred in whole or in part by estoppel.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Defendant's reasonable conformity to the business custom and usage of other similarly-situated institutions.

## TWENTY-SIXTH DEFENSE

Plaintiff's purported claims are barred in whole or in part to the extent the GDBF and/or the FDIC consented to, authorized and/or ratified Defendant's alleged wrongful conduct.

25002321.2

WHEREFORE, Defendant respectfully requests:

1. That the FDIC-R take nothing by way of its Complaint;

2. That the FDIC-R's Complaint be dismissed in its entirety with prejudice;

3. That a trial by jury be held if the FDIC-R's Complaint is not dismissed;

4. That Defendant be granted his reasonable attorneys' fees, costs and expenses; and

5. That the Court award such other and further relief as it deems just and proper.

This 23rd day of October, 2014.

**SUTHERLAND ASBILL & BRENNAN LLP**


/s/ *W. Scott Sorrels*
W. Scott Sorrels (667074)
Yvonne M. Williams-Wass (360368)
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
404.853.8000 (Telephone)
404.853.8806 (Facsimile)
scott.sorrels@sutherland.com
yvonne.williams-wass@sutherland.com

*Attorneys for Defendant Andrew Coker*

67

25002321.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of October, 2014, I electronically filed the foregoing DEFENDANT ANDREW COKER'S SECOND AMENDED ANSWER with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ *W. Scott Sorrels*
W. Scott Sorrels (667074)
*Attorney for Defendant Andrew Coker*

25002321.2